BELLA BOTBYL, AN INFANT, BY ELIZABETH BOTBYL, NEXT FRIEND, AND GEORGE BOTBYL, INDIVIDUALLY, PLAINTIFFS, v. FRED OTT, DEFENDANT.

Submitted May 12, 1928—Decided November 14, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *William B. Stites.*

*Contra, M. Metz Cohn (Sidney Alexander,* of counsel).

PER CURIAM.

This action was brought by the next friend of Bella Botbyl, a child, and by her father, against the defendant, to recover damages which the girl and her father suffered by reason of the negligent operation, as it is said, of the automobile of the

defendant, on June 12th, 1926, at six P. M. daylight saving time.

The jury returned a verdict for $5,000 in favor of Bella for personal injuries and $140 in favor of her father, George Botbyl, and defendant obtained this rule to show cause why such verdict should not be set aside.

The infant Bella was six years and three months of age, and at the time of the accident was crossing the street in the city of Paterson. She really had already crossed the street, and, according to the proof, had one foot on the sidewalk and one in the gutter when she was struck by the automobile of the defendant.

The defendant's first point is that the verdict was against the great weight of the evidence with respect to the negligence of the defendant. We think the question of the negligence of defendant was for the jury and that their finding of negligence cannot be said to be against the great weight of the evidence.

North First street, where the accident happened, was thirty-five feet wide. It was a clear day and light. According to testimony submitted on behalf of the plaintiff, there was no other traffic in the street at the time. As stated, she was practically on the sidewalk when she was injured. Plaintiff's testimony is that defendant was "zigzagging" down the street until he ran into the gutter and up on the sidewalk.

Defendant's contention, receiving some support from his witnesses, was that there was a truck in the street which obstructed his view of the child until just as she stepped out from behind the truck on her way to the curb.

The question whether there was this truck which interfered with his view we think was a fair jury question and we cannot say that the jury was not justified in finding against the defendant as to that.

Eliminating the truck from the case, then quite clearly the defendant was negligent.

From what we have said it is apparent that the motions for nonsuit and for the direction of a verdict were properly denied.

It is next said that the damages awarded by the jury to the child were excessive. We think not. The child was seriously

injured and her injuries may be of a permanent character. Besides other injuries, her face is badly and permanently scarred.

We find no error in the charge, nor in the admission or rejection of evidence.

The rule to show cause is discharged.